STATE OF INDIANA ) IN THE HUNTINGTON SUPERIOR COURT
) SS:
COUNTY OF HUNTINGTON ) CAUSE NO.

RABECKA LYNN GROSSMAN,
As General Partner
Plaintiff,
vs.

CISSY CHANTEL RUSSELL
Defendant.

## VERIFIED COMPLAINT FOR JUDICIAL DISSOLUTION OF PS 27 FAMILY LIMITED PARTNERSHIP

COMES NOW, Plaintiff, as General Partner, by counsel, Snow & Sauerteig LLP and for support of her Complaint against Defendant, hereby alleges and states as follows.

### Jurisdiction

1. That Plaintiff, Rabecka Lynn Grossman, is a resident of Fort Wayne, Allen County, Indiana; and General Partner of PS 27 Family Limited Partnership ("PS 27"), an Indiana Family Limited Partnership.

2.

3. That Defendant, Cissy Chantel Russell ("Russell"), is a resident of New Milford, Connecticut and a Limited Partner of PS 27.

4. That PS 27 owned certain real estate in Huntington, Huntington County, Indiana, until recently, and has assets located in Huntington, Huntington County, Indiana.

### Factual Allegations

5. That PS 27 executed a Certificate of Indiana Limited Partnership on June 9, 1997, which was approved by the Indiana Secretary of State on June 28, 1997, and a Family

Limited Partnership Agreement was executed on August 27. 1997 by the two (2) General Partners and the six (6) Limited Partners. See attached Exhibit "A"

6. That PS 27 was administratively dissolved on December 5. 2021 and then reorganized on January 30. 2024.

7. That the two (2) General Partners were Paul Keith Grossman and Rabecka Lynn Grossman. Husband and Wife.

8. That the six (6) Limited Partners were the two (2) General Partners and Chantel Mae Grossman. the Defendant herein. Keith Paul Grossman. Kelly Pauline Grossman and Kaleb Wayne Grossman.

9. That the Record of Certificates for General and Limited Partners for PS 27 is attached Exhibit B.

10. That Paul Keith Grossman executed a Revocable Living Trust on August 27. 2001. which is attached hereto as Exhibit C.

11. That on August 27. 2001. Paul Keith Grossman assigned his partnership interest in PS 27 to his Revocable Living Trust. which is attached hereto as Exhibit D.

12. That on August 27. 2001. Rabecka Lynn Grossman conveyed her Limited Partnership interest in PS 27. being 16.2%. to Kaleb Wayne Grossman. which is attached hereto as Exhibit E.

13. That on January 2. 2006. a Certificate of Amendment was signed showing Cora Lynn Grossman received Keith P. Grossman's 16.4% Limited Partnership interest as signed by the General Partners. which is attached hereto as Exhibit F.

14. That on April 1. 2010. Chantel Mae Grossman was named a General Partner and a Certificate of Amendment was filed in the Office of the Secretary of State of Indiana.

on September 17, 2010, which is attached hereto as Exhibit G.

15. That on July 22, 2016, Chantel Mae Grossman was removed as a General Partner and a Certificate of Amendment was filed in the Office of the Secretary of Sate of Indiana to that effect on July 25, 2016, which is attached hereto as Exhibit H.

16. That on July 22, 2016 a meeting was held to remove Chantel Mae Grossman as General Partner and the General Partners and all Limited Partners, excluding Chantel Mae Grossman, signed the agreement to remove her as General Partner, which is attached hereto as Exhibit I.

17. That on July 23, 2016, Cora Lynn Grossman assigned her 16.4% Limited Partnership interest to Kaleb Wayne Grossman, which is attached hereto as Exhibit J.

18. That on July 23, 2016, Kelly Pauline Grossman assigned 16.4% Limited Partnership to Kaleb Wayne Grossman, which is attached hereto as Exhibit K.

19. That Rabecka Lynn Grossman has executed a General Power of Attorney appointing Douglas Gaultney as her Attorney-in-Fact dated February 15, 2024, which is attached hereto as Exhibit L.

20. That Kaleb Wayne Grossman has executed a General Power of Attorney appointing Darren Broyes as his Attorney-in-Fact dated April 7, 2025 which is attached hereto as Exhibit M.

21. That on the 1st day of April, 2010, Paul Keith Grossman became deceased and pursuant to Article III(b) of his Revocable Living Trust, his interest passed to Rabecka Lynn Grossman.

22. That PS 27 has sold its only remaining asset consisting of real estate commonly known

as 584 E 400 S. Huntington IN 46750 and received $75.878.57 as set out in the Closing Disclosure dated April 23. 2023. which is attached hereto as Exhibit N.

23. That Kaleb Wayne Grossman is the owner of 16.4 Limited Partnership units issued and 49 Limited Partnership units assigned to him. for a total interest of 65.4 Limited Partnership units per the Record of Certificates dated November 28. 2019. attached hereto as Exhibit O.

24. That Rabecka Lynn Grossman received Paul Keith Grossman's one (1) General Partnership unit and 16.2 Limited Partnership units from his Revocable Living Trust and with her one (1) General Partnership unit. owns 18.2 Limited Partnership units.

25. That Chantel Mae Grossman owns 16.4 Limited Partnership units.

26. That Article VII(b) of the PS 27 Family Limited Partnership Agreement provides that there can be voluntary dissolution of the Partnership by agreement of all of the General Partners and 75% of the Limited Partners.

27. That the owners of 83.6% of Limited Partners and both General Partners have consented to the Voluntary Dissolution of PS 27.

28. That Chantel Mae Grossman opposes the Dissolution and contests the General Partners' right to dissolve PS 27.

29. That Indiana Code 23-16-9-2 provides that this Honorable Court may decree Dissolution of a Limited Partnership whenever it is not reasonably practicable to carry on the business and conformity with the Partnership Agreement.

30. That Plaintiff. as General Partner. and 83.6% of the Limited Partners. believe that it is not reasonably practicable to carry on the business and conformity of the Limited Partnership business since the only Limited Partnership asset has been liquidated and

there is no purpose to continue with the existence of the Limited Partnership.

Count I—Judicial Dissolution

31. That Plaintiff and General Partner incorporates as more fully set forth here above in rhetorical paragraphs 1-29 of its Complaint.

32. That Plaintiff and General Partner, by counsel, has provided Notice to the Defendant that 86.3% of the Limited Partners and both General Partners seek voluntary Dissolution of PS 27.

33. That upon information and belief, the Defendant believes that there are assets which have not been disclosed by the General Partner and therefore voluntarily Dissolution of PS 27 is not appropriate.

34. That as set out above, the Limited Partnership's only asset consisting of real estate, has been liquidated and there is no business purpose to maintain PS 27 in active status.

35. That Plaintiff believes that it is in the best interest of the General and Limited Partners that the assets of PS 27 be distributed to the respective owners of General and Limited Partnership interests.

36. That the Plaintiff and General Partner would request that the Court order Judicial Dissolution of PS 27 so that the concerns of any Limited Partner can be addressed and resolved and so that the assets of PS 27 be distributed to the General and Limited Partners in proportion to their respective ownership interests.

WHEREFORE, Plaintiff and General Partner, by counsel, would request that the Court approve its Complaint for Judicial Dissolution, to address and resolve any concerns of Limited Partners, so that assets of PS 27 can be distributed to the General and Limited Partners in proportion to their respective ownership interests, and so that PS 27 can be dissolved according to

statutory requirements, and for all other just and proper relief in the premises.

I affirm under the penalties of perjury that the foregoing is true and accurate.

Dated: 12/18/2025

P.O.A.

Douglas Gaultney, as Power of Attorney
For Rabecka Lynn Grossman

Respectfully submitted,

SNOW & SAUERTEIG LLP

By: ______________________________

Paul O. Sauerteig, #1581-02
203 E. Berry Street, Suite 1100
Fort Wayne, IN 46802
Telephone: (260) 423-2355
Attorney for Plaintiff/General Partner